UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EFTEC NORTH AMERICA, LLC,

    Plaintiff,

vs.

MISSISSIPPI LIME COMPANY,

    Defendant.

Case No. 2:20-cv-10654-DPH-MJH

Hon. Denise P. Hood

---

| | |
|---|---|
| John R. Trentacosta (P31856) | Thomas G. McNeill (P36895) |
| Nicholas J. Ellis (P73174) | Max A. Aidenbaum (P78793) |
| Foley & Lardner LLP | Dickinson Wright PLLC |
| 500 Woodward Avenue, Suite 2700 | 500 Woodward Avenue, Suite 4000 |
| Detroit, Michigan 48226-3489 | Detroit, Michigan 48226 |
| (313) 234-7100 | (313) 223-3500 |
| jtrentacosta@foley.com | tmcneill@dickinsonwright.com |
| nellis@foley.com | maidenbaum@dickinsonwright.com |
| *Attorneys for EFTEC North America, LLC* | *Mississippi Lime Company* |

---

## STIPULATED PROTECTIVE ORDER

For good cause, and with the consent of the parties, the Court hereby enters the following protective order:

1. All information, documents, or things produced, exchanged, or inspected in the course of this proceeding, whether or not expressly designated as

"confidential," shall be used solely for the purposes of this proceeding (the "Case").

2. Any document, information, or thing ("material" or "materials") may be designated "confidential" if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3. Any material or materials mistakenly produced without a confidential designation may be subsequently designated by the party producing it as confidential pursuant to this protective order upon written notice given within a reasonable time after discovery of the mistake. Provided that the producing party provides such notice as required by this paragraph, the inadvertent or unintentional disclosure of confidential material without such designation shall not be deemed a waiver, in whole or in part, of the producing party's claim of confidentiality with respect to the material disclosed.

4. If a producing party, at the time of disclosure, inadvertently fails to identify as confidential any material or materials for which it desires such treatment, and another party files the material with the Court prior to receiving

notice that such material was inadvertently disclosed without the desired designation, the producing party shall be responsible for seeking appropriate relief from the Court. The non-producing party will reasonably cooperate in obtaining such relief.

5. All materials designated as "confidential" shall be made available only to the Court and to counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case) and the following persons:

    a. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter, including any party affiliated witnesses;

    b. experts or consultants (together with their clerical staff) retained by the respective Parties to assist in the Case;

    c. court reporter(s) and videographers employed in the Case;

    d. other witnesses or deponents and their counsel, during the course of, or in preparation for, deposition or testimony in this case as necessary for the prosecution or defense of this litigation; and

    e. any other person with the written consent of the producing party or upon order of the Court.

6. Any document designated "confidential" that is attached to a motion or other document to be filed with the Court, and any motion or other document filed with the Court referencing information contained in a document designated

"confidential" must be submitted under seal. This order authorizes the filing under seal of any material designated as "confidential."

7. Provided that no "confidential" information is disclosed, the parties may refer generally to documents designated as "confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

8. Any third-party consultants, testifying experts and clerical staff for same, who are otherwise permitted to receive "confidential" documents under this Order must sign the Agreement attached as Exhibit A before receipt. Counsel for the party providing such documents to the expert or consultant shall maintain the signed agreements until final disposition of this action, subject to being made available at the Court's direction.

9. Before or during a deposition and for up to seven (7) days after receipt of the final transcript of that deposition, counsel for any party may designate a portion or all of the deposition "confidential" by: (i) sending a letter to counsel for each party specifying the portion of the deposition and the designation to be applied; or (ii) by making a designation on the record during the deposition specifying the portion of the deposition and the designation to be applied.

10. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should

not be made, is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly when discovered. Any other inadvertently produced privileged materials shall be returned promptly upon the request of the producing party.

11. Any party wishing to contact or subpoena any former employee of the opposing party shall first notify opposing counsel of such intent. Once notified, opposing counsel will have fourteen (14) days in which to confirm they will represent the former employee. If, within fourteen (14) days, opposing counsel does not provide such confirmation, then counsel may proceed with contacting or subpoenaing the former employee.

12. No portion of this Order shall be interpreted as governing the admissibility of evidence at trial or restricting the use of any such documents, information, or testimony at trial. Such use shall be in accordance with the Federal Rules of Evidence and further order of this Court.

13. No portion of this Order shall be interpreted as precluding any party to the proceeding or their attorneys from:

    a. Showing materials designated as "confidential" to an individual who either prepared or reviewed the document, or is shown by

5

    the document, or a cover communication, to have received the document.

  b. Disclosing or using, in any manner or for any purpose, any materials from the party's own files that the party itself designated as "confidential."

14. Notwithstanding anything in this Order, any party on an appeal may include in the record on appeal any confidential document presented to the trial court. Confidential documents included in the record on appeal that were not admitted into evidence at trial shall be submitted under seal.

15. Should any party object to a designation of any material as "confidential", the parties shall meet and confer in a good faith attempt to reach an agreement regarding the status of the materials. If the objection is not thereby resolved, the party challenging the "confidential" status of the materials shall bring the dispute before the Court on an expedited basis for a determination. The party asserting the "confidential" status of the material shall have the burden of proving good cause for the designation. Until the Court makes such determination, or, in the event of an immediate interlocutory appeal, upon termination of such appeal, all material designated as "confidential" shall be treated as such.

16. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "confidential" not so designated by that party, counsel for that party shall immediately give counsel for the designating party written notice of the fact

of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

17.     Unless otherwise agreed in writing by the parties, within sixty (60) days of final disposition of this lawsuit, including any appeals, all materials which have been designated "confidential," and any and all copies of them, shall be destroyed or returned to the party who produced them, as directed by the producing party.  However, counsel for the parties may retain one complete file copy of all pleadings, motion papers (including exhibits), and other attorney work product, and one complete copy of deposition testimony and exhibits.  Counsel for the receiving party shall provide written confirmation to the producing party that all copies of such materials produced to the receiving party have been destroyed or returned, other than as indicated in this paragraph.  Materials designated as "confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

18.     Entry of this Order shall be without prejudice to the rights of any party, or others, to seek modification of this Order or to apply for additional or different protection.

**IT IS SO ORDERED**.

Dated:  April 30, 2020

s/Denise Page Hood<br>United States District Judge

So stipulated; approved as to form and substance:

/s/ Nicholas J. Ellis                                    /s/ Thomas G. McNeill (w/consent)
John R. Trentacosta (P31856)              Thomas G. McNeill (P36895)
Nicholas J. Ellis (P73174)                       Max A. Aidenbaum (P78793)
Foley & Lardner LLP                              Dickinson Wright PLLC
500 Woodward Avenue, Suite 2700    500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3489              Detroit, Michigan 48226
(313) 234-7100                                        (313) 223-3500
jtrentacosta@foley.com                         tmcneill@dickinsonwright.com
nellis@foley.com                                     maidenbaum@dickinsonwright.com
*Attorneys for EFTEC North America,*   *Mississippi Lime Company*
*LLC*


Dated:  April 30, 2020

8

**Exhibit A to Stipulated Protective Order**

<u>**CONFIDENTIALITY ACKNOWLEDGMENT AND AGREMENT TO JURISDICTION**</u>

I hereby acknowledge that confidential materials are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Order"), entered in the action captioned as *EFTEC North America, LLC v. Mississippi Lime Company*, pending in the United States District Court for the Eastern District of Michigan (the "Court"), Case No. 2:20-cv-10654-DPH-MJH. I further certify that I: (a) have been provided with a copy of the Order; (b) have read and understand the provisions of the Order; and (c) agree to comply with and to be bound by the provisions of the Order.

I further agree to subject myself to the jurisdiction of the Court for purposes of enforcing the provisions of the Order. I understand that any deliberate or intentional violation of the Order may be punishable as contempt of Court.

Signature: _____

Printed: _____

Name: _____

Dated: _____